USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/21/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ICICI BANK LIMITED, NEW YORK BRANCH and ICICI BANK UK PLC,

    Plaintiff,

v.

VISHAL DOSHI, SHREYAS DOSHI, GEETA DOSHI, RACHNA DOSHI, DARSHAN BANUCHANDRA SHAH APOORVA DOSHI, AMI DOSHI, NIHAR PARIKH, GURUDAS PATWARDHAN, ALPESH PANCHAL, SHRIRAJ DESHPANDE, SANJAY SHAH, SHRIKRISHNA SANT, HIREN SHAH, GENASHI GEMS PRIVATE LIMITED, and TREZZA JEWELS LLP,

    Defendants.

No. 19-CV-11788 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

On November 11, 2021, Plaintiffs filed a letter addressed to Judge Cave, to whom this case has been referred for general pretrial, expressing their intention to "apply to the Court for a voluntary dismissal of the proceedings against" three Defendants in this action—Alpesh Panchal, Shrikrishan Sant, and Shriraj Deshpande. Judge Cave endorsed that letter. On December 10, 2021, Plaintiffs submitted a letter requesting that these three Defendants be dropped as parties pursuant to Federal Rule of Civil Procedure 21. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). This Court ordered Plaintiffs to submit a letter providing the rationale for dismissing the claims against these Defendants under Rule 21 rather than under Federal Rule of Civil Procedure 41.

On December 18, 2021, Plaintiffs submitted a letter in response to the Court's Order. They explained that, based on their reading of an Eastern District of Kentucky case, a dismissal under Rule 41 is not an appropriate vehicle to dismiss claims against only some defendants, because Rule 41 speaks to an entire action, not to a claim or set of claims. *See* December 18, 2021 letter (citing *Stapleton v. Vincente*, No. 18-cv-0504 (JMH) (MAS), 2019 WL 2494564 (E.D. Ky. June 14, 2019)). They further explained that because they had previously dismissed identical claims against identical parties in a 2018 case, they were concerned that a second notice of voluntary dismissal, even if not directed to all Defendants, would constitute an "adjudication on the merits" of the entire instant action based on their understanding of Rule 41. *See* Fed. R. Civ. P. 41(a)(1)(B) ("[I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."). Thus, "[i]n light of the potential that a second notice of voluntary dismissal pursuant to FRCP 41(a)(1)(A) could constitute an 'adjudication on the merits' with regard to all defendants, coupled with the somewhat recent decision in the Eastern District of Kentucky, [Plaintiffs] thought that it would be best to proceed with an abundance of caution in our approach for withdrawing [their] claims against Alpesh Panchal, Shrikrishan Sant, and Shriraj Deshpande, while simultaneously maintaining [their] claims against the Defendants that are currently still a part of this action." December 18, 2021 letter.

The Court disagrees that Plaintiffs' interpretation of Rule 41 reflects the current state of the law in this District. It is true that the Second Circuit has previously held, consistent with Plaintiffs' reading, that "Rule 41(a)[(1)] provides for the voluntary dismissal of an 'action' not a 'claim'" such that any action to dismiss a single party from a case should be taken under Rule 21. *Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953). However, this aspect of *Harvey Aluminum* has since been rejected by the Second Circuit and by judges of this District. *See Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985) ("[*Harvey*

2

*Aluminum*] stated that Rule 41(a) may be invoked only to dismiss an entire action but not to dismiss as to only one of several defendants. That decision has been criticized and is now against the weight of authority."); *Mut. Ben. Life Ins. Co. in Rehab. v. Carol Mgmt. Corp.*, No. 93-cv-7991 (LAP), 1994 WL 570154, at *1 (S.D.N.Y. Oct. 13, 1994) (concluding that *Harvey Aluminum*'s rule regarding dismissal of claims against some parties "has been criticized and rejected by courts and commentators alike, including the Court of Appeals itself . . . [and] is no longer persuasive authority on the issue"); *Gen. Foods Corp. v. Jay V. Zimmerman Co.*, No. 86-cv-2697 (KMW), 1990 WL 115714, at *2 (S.D.N.Y. Aug. 7, 1990) ("The weight of authority holds that, pursuant to Fed. R. Civ. P. 41(a)(1), a plaintiff may dismiss its claims against less than all defendants in a multi-defendant case."). Judges of the Eastern District of New York agree. *See, e.g.*, *Frank v. Trilegiant Corp.*, No. 10-cv-5211 (DRH) (ARL), 2012 WL 214100, at *3 (E.D.N.Y. Jan. 24, 2012); *BlaizeSampeur v. McDowell*, No. 05-cv-4275 (JFB) (ARL), 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007); *Mondejar v. Dow Chem. Co.*, No. 97-cv-0062 (JG), 1998 WL 812577, at *4 n.5 (E.D.N.Y. Apr. 29, 1998).

Accordingly, the Court concludes that Plaintiffs may dismiss their claims against these three Defendants under Rule 41(a)(1)(A) without that dismissal operating as a dismissal of Plaintiffs' claims against the other Defendants in this action. Plaintiffs are directed to file a stipulation of voluntary dismissal pursuant to Rule 41(a)(1)(A) as to Alpesh Panchal, Shrikrishan Sant, and Shriraj Deshpande.

SO ORDERED.

Dated:   December 21, 2021
         New York, New York

Ronnie Abrams
United States District Judge