M89JNICIC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ICICI BANK LIMITED, NEW YORK
BRANCH,

                Plaintiff,

        v.                              19-cv-11788 (RA)

VISHAL DOSHI, et al.,

                Defendants.             Telephone Conference
------------------------------x
                                        New York, N.Y.
                                        August 9, 2022
                                        3:00 p.m.
Before:

                    HON. RONNIE ABRAMS,

                                        District Judge

                APPEARANCES (Via Telephone)

SABHARWAL & FINKEL
     Attorneys for Plaintiff
BY:  ADAM FINKEL
```

1      THE COURT:  Hi.  Good afternoon.
2      This is Judge Abrams.
3      Who do I have on the line, please?
4      MR. FINKEL:  This is Adam Finkel, for the plaintiffs.
5      THE COURT:  Good afternoon.
6      First as a reminder, I just want to ensure,
7  Mr. Finkel, that you know, or anyone listening for that matter,
8  that this is a public proceeding.  Members of the public and
9  the press are able to access the proceeding through the public
10  call-in number, but all participants are reminded that any
11  recording on rebroadcasting is prohibited.
12      We are here for an order to show cause as to why
13  default judgment should not be entered against the ten
14  defendants in this matter for whom a certificate of default was
15  issued:  Gurudas Patwardan, Hiren Shah -- and I am going to
16  provide all this information to the court reporter in terms of
17  the spelling -- Nihar Parikh, Shreyas Doshi, Vishal Doshi,
18  Darshan Banuchandra Shah, Geeta Doshi, Trezza Jewels LLC,
19  Genashi Gems Private Limited and Rachna Doshi.
20      Although defendant Sanjay Shah appears to remain this
21  the case, I want to confirm with plaintiff that no certificate
22  of default was ever filed as to that defendant.
23      MR. FINKEL:  I don't believe so, your Honor.
24      THE COURT:  Okay.  All right.  That's what I thought.
25      Thank you.

1            It is now about 3:06.  It is a little bit after 3.  No
2    one has appeared on behalf of defendants.  Since we are remote,
3    I am just going to call out again and ensure that no one is
4    here on behalf of any defendant in this action, 19 Civ. 11788.
5            Let the record reflect that there was no answer.
6            This conference was set for 3 p.m.  That being said,
7    for the reasons that follow, I am denying plaintiffs' motion
8    for default judgment, albeit without prejudice, and I am going
9    explain why.
10           Before entering a default judgment against a defendant
11   under Federal Rule of Civil Procedure 55(b)(2), the Court must
12   be satisfied that the defendant's liability is established as a
13   matter of law when the factual allegations of the complaint are
14   taken as true.
15           Because plaintiffs' RICO claims are their only federal
16   causes of action, I am going to review them first.
17           A civil RICO plaintiff must plead facts showing that
18   the defendant through the commission of two or more acts
19   constituting a pattern of racketeering activity directly or
20   indirectly participates in an enterprise affecting interstate
21   or foreign commerce.
22           The Second Circuit has made clear that the
23   requirements of Section 1962 must be established as to each
24   individual defendant.  That is actually a quote from *De Falco*
25   *v. Bernas*, 244 F.3d 286 at 306.  Accordingly, district courts

M89JNICIC

in this circuit require plaintiffs who assert Section 1962(c) claims to allege that each defendant committed at least two predicate acts of racketeering activity. And that's a quote from *Brewer V. Village of Oldfield*, 311 F.Supp.2d 403. I am going to skip all the string cites because I think that case adequately states the rule.

This is consistent with Rule 9(b)'s particularity requirement where multiple defendants are charged with fraud. That is a quote from *Jerome M. Sobel & Company v. Fleck*, 2003 WL 22839799 at *6. To meet this standard, the complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements. That is a quote from *Cosmas v. Hassett*, 886 F.2d 8, at 11. Moreover, plaintiffs must allege sufficient facts showing each defendant's knowing or intentional participation in the alleged scheme to defraud. That is a quote from *Williams v. Equitable Acceptance Corporation*, 443 F.Supp.3d 480, 492.

Reviewing the complaint's allegations with respect to the defaulting defendants, I find that plaintiffs have not alleged what any particular defendant did to advance the RICO scheme with sufficient particularity. That is in part a quote from *Lundy v. Catholic Health System of Long Island,*

*Incorporated*, 711 F.3d 106 at 119.

First, the allegations in the complaint regarding Hiren Shah, Shreyas Doshi, Darshan Shah, Geeta Doshi and Rachna Doshi are plainly insufficient.  For each of these individuals plaintiffs allege only that at all relevant times they were control persons of several related business entities engaged in a worldwide pattern of racketeering and fraudulent activity and that they all acted in concert and conspiracy with other defendants to further the pattern of racketeering and fraudulent activity.  These conclusory statements do not come close to alleging that these defendants committed two or more predicate acts with requisite intent.  Indeed, plaintiffs do not allege these defendants engaged in any conduct or played any role.  And that is a quote from *Zamora v. J.P. Morgan Chase*, 2019 WL 3401693.

The complaint also alleges that Shreyas, Geeta, Rachna, and Darshan controlled Genashi, a company that allegedly received funds from the fraudulent scheme.  But, again, this bare and conclusory allegation is insufficient to allege these individuals' knowing fraudulent conduct with adequate particularity.

For similar reasons, the allegations regarding the two corporate defaulting defendants Trezza Jewels LLP and Genashi Gems Private Limited are insufficient.  Plaintiffs allege that the proceeds from the fraudulent scheme were funneled into

these companies.  But those allegations are conclusory and do not meet Rule 9(b)'s particularity standard.

I will say that it is a closer call for defendants Nihar Parikh, Vishal Doshi, and Gurudas Patwardhan, because in addition to the conclusory paragraphs about these defendants, plaintiffs attach to their complaint a receiver report that states that the "loose diamond sales were managed and directed by Nihar Parikh and certain individuals at Simon Golub's parent company, Shrenuj, and that the Shrenuj individuals were Vishal Doshi, Sanjay Shah, and Gurudas Patwardhan.

Plaintiffs also allege that Nihar was the de facto CEO of SG and the CEO of Trezza.  But, even here, alleging only that the diamond sales that were part of the fraudulent scheme were managed and directed by these individuals does not adequately allege precisely when and how any one of these three individuals committed at least two predicate acts of mail fraud, wire fraud, or bank fraud over a period of at least two years.

Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to defendants. That is a quote from *Mills v. Polar Molecular Corporation*, 12 F.3d 1170, 1175.  Indeed, other courts have found RICO claims insufficient when the pleadings do not indicate individually which of three defendants actually engaged in a particular predicate acts of mail or wire fraud offenses that plaintiffs

allege constitutes a pattern of racketeering, reasoning that such group pleading does not comply with the requirements of RICO or the particularity standards of Rule 9(b).

The allegations here are similar in that plaintiffs attribute all the fraudulent conduct to defendants as a group without making any attempt to allege which defendant committed what conduct.  These bare-bones allegations do not satisfy the requirement of Rule 9(b) or the substantive requirements for stating an individual defendant's RICO liability.  *See Lundy v. Catholic Health System of Long Island, Incorporated*, 711 F.3d at 119.

I realize that plaintiffs have submitted affidavit that allege further facts about individual defendants involved in the scheme, but I cannot consider facts that were not contained in the original complaint for purposes of determining liability.

Even though some of plaintiffs' allegations come close to stating a claim with sufficient particularity, I am not willing to grant default judgment based on those borderline allegations, particularly given the amount of money plaintiff seeks on its RICO claims, $18 million plus interest, costs, attorney's fees and treble damages.

The Court has significant discretion to consider a number of factors in deciding whether to grant a default judgment, including the amount of money potentially involved.

1  The more money involved, the less justification for entering

2  the default judgment.  That is a quote from *Premium Sports*

3  *Incorporated v. Alzate*, 2011 WL 1240558 at *3.

4  Accordingly, I am denying plaintiff's default judgment

5  with respect to their RICO claims.

6  Because there is not complete diversity between the

7  parties, subject matter jurisdiction hinges on a federal cause

8  of action.  As I'm dismissing plaintiffs' claims that arise

9  under federal law, I decline to exercise supplemental

10  jurisdiction over the state law claims.  *See Carnegie-Mellon*

11  *University v. Cohill*, 484 U.S. 343, 350, n. 7.

12  Accordingly, I dismiss plaintiffs' complaint in its

13  entirety.  I will, however, do so without prejudice and allow

14  plaintiff to file an amended complaint if they can cure their

15  pleading deficiencies in good faith.

16  Plaintiff must file their amended complaint in two

17  weeks from today.  Failure to file by then will result in my

18  dismissing the case with prejudice, although of course

19  plaintiffs can refile their state law claims in state court if

20  they so choose.

21  That's my ruling.

22  You can and should get a copy of my reasoning from the

23  court reporter's office, as the court reporter has of course

24  transcribed the proceeding today.

25  Are there any other applications, Mr. Finkel, at this

M89JNICIC

1  time?
2          MR. FINKEL:  Not at this time, Judge.
3          THE COURT:  Okay.  Thank you.
4          All right.  Have a good afternoon.
5          MR. FINKEL:  You too.
6          THE COURT:  Bye.
7          (Adjourned)