UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

ICICI BANK LIMITED, NEW YORK BRANCH,
and ICICI BANK UK, PLC

                    Plaintiffs,

       -v-                                  No.  19-CV-11788-LTS-SLC

VISHAL DOSHI, NIHAR PARIKH, SANJAY
SHAH, and HIREN SHAH

                   Defendants.

--------------------------------------------------------x


<u>MEMORANDUM ORDER</u>

          Plaintiffs ICICI Bank Limited, New York Branch ("ICICI NY") and ICICI Bank

UK, PLC ("ICICI UK" and, together "Plaintiffs") bring eight causes of action against Vishal

Doshi ("Mr. Doshi"), Nihar Parikh ("Mr. Parikh"), Sanjay Shah ("Mr. S. Shah"), and Hiren Shah

("Mr. H. Shah" and, together, the "Defaulting Defendants").  (Docket entry no. 170 (the

"Amended Complaint" or "AC").)  The eight claims arise out of the Defaulting Defendants'

alleged participation in a "massive . . . scheme to defraud the Plaintiffs out of millions of dollars

through countless sham transactions with various shell companies. . . ."  (<u>Id.</u> ¶ 14.)  The Court

has jurisdiction of Plaintiffs' federal claims pursuant to 28 U.S.C. section 1331.

          This case is before the Court on Plaintiffs' Motion for Default Judgment pursuant

to Federal Rule of Civil Procedure 55(b)(2).  (Docket entry no. 206 (the "Motion").)  The Court

has carefully considered Plaintiffs' submissions in connection with the instant motion.  For the

following reasons, the Court denies Plaintiffs' motion for default judgment without prejudice to renewal based on papers augmented to explain why this case is not barred by res judicata.

BACKGROUND

Factual Background

   The following recitation of facts is drawn from the Amended Complaint, as well as from the uncontroverted documentary evidence attached to the Amended Complaint as exhibits.  In light of the Defaulting Defendants' failure to answer the Amended Complaint or respond to the Court's subsequent order permitting Plaintiffs to make a motion for default judgment (see docket entry no. 205), the well-pleaded factual allegations of the Amended Complaint are deemed admitted.

   Plaintiffs allege that the Defaulting Defendants, "acting in concert as co-conspirators, engaged in a pattern of racketeering and fraudulent activities spanning the globe from India to the US to Belgium, to the United Arab Emirates, for a period of more than two (2) years, beginning on or about February 15, 2013."  (AC ¶ 11.)  Specifically, the Amended Complaint alleges that each defendant "submitted . . . fraudulent financial reports" to ICICI NY in order to "induce[] ICICI NY to extend credit facilities" to Simon Golub & Sons, Inc. ("SG"). (Id. ¶¶ 12-14.)

   ICICI NY first discovered this fraud when, "[o]n or about May 23, 2016, based on financial statements provided to ICICI NY by SG, it became apparent . . . that SG was unable to pay" its debt obligations, and "ICICI NY accordingly commenced proceedings in Seattle, Washington on May 31, 2016[,] for the appointment of a Receiver."  (AC ¶¶ 141-142.)  "In the course of the Seattle Receivership Proceedings, the Receiver discovered numerous instances of fraud and fraudulent conveyances by SG to certain third parties."  (Id. ¶ 143.)  For instance,

according to a report attached to the Amended Complaint, the Receiver determined that three of

the Defaulting Defendants—Mr. Parikh, Mr. Doshi, and Mr. S. Shah—"managed and directed . .

. Loose Diamond Sales" that had no "valid business purpose" and instead served to "increase

assets (accounts receivable) with sales that were uncollectible" which were then reported to

Plaintiffs "as valid collateral." (Docket entry no 170-48 ("Receiver's Report") at 9-10.)  "As a

result, on August 25, 2016, ICICI NY commenced additional proceedings in Seattle [(the 'Seattle

Third Party Proceedings')] against such third parties as defendants. . . ."  (AC ¶ 144.)  Of the four

Defaulting Defendants in the instant action, the Amended Complaint notes that only Mr. Parikh

was "named in the Seattle Receivership Proceedings[,]" asserting that the claims against him

were brought on unspecified "separate and distinct grounds."  (Id. ¶ 145.)  It appears that Mr.

Parikh was a defendant only in the Seattle Third Party Proceedings; ICICI NY voluntarily

dismissed Mr. Parikh from that action.  See ICICI Bank Ltd. v. IJ Creations, LLC, No. 16-2-

20541-1-SEA, 2018 Wash. Super. LEXIS 4611, at *1 (Wash. King. Cty. Super. Ct. July 25,

2018.)

The Amended Complaint also alleges that, "subsequent to the Seattle

Proceedings, ICICI NY obtained affidavits from two key employees" that "unequivocally state

that the Defendants were engaged in a widespread and global fraud. . . ."  (AC ¶ 149.)  These

affidavits, attached as exhibits to the Amended Complaint, were submitted in a previous action

brought in this District.  (See docket entries no. 170-49, 170-50.)  In that lawsuit, ICICI NY

brought nearly identical claims against a number of defendants who worked at SG or its parent

company, including Mr. Parikh and the other three Defaulting Defendants in this action, alleging

that all had engaged in a conspiracy.  See Complaint, docket entry no. 5 ¶ 15, ICICI Bank

Limited, New York Branch v. Vishal Doshi, et al., No. 18-CV-9128-VSB (S.D.N.Y. Oct. 5,

2018) ("The Defendants, acting in concert as co-conspirators, engaged in repeated RICO violations in a pattern of racketeering and fraudulent activities spanning the globe . . . ."). Plaintiffs voluntarily dismissed that action (the "First S.D.N.Y. Action") against all defendants the day before filing the instant action.  See Notice of Voluntary Dismissal, docket entry no. 61, ICICI Bank Limited, New York Branch v. Vishal Doshi, et al., No. 18-CV-9128-VSB (S.D.N.Y. Oct. 5, 2018).

Procedural History

Plaintiffs initiated the instant action on December 24, 2019, against seventeen corporate and individual defendants.  (Docket entry no. 5 (the "Complaint").)  Most of the original defendants—including the four Defaulting Defendants—are residents of India.  (Id. ¶¶ 3-7, 10-11, 13-18.)  Because Plaintiffs were unable to serve these defendants under the Hague Convention, they requested and received permission to serve them via WhatsApp, LinkedIn messenger, Facebook messenger, and/or email.  (See docket entries no. 71, 191.)  Only two of the individual defendants in this case—Apoorva Doshi and Ami Doshi—appeared in this action; they reached a settlement with Plaintiffs and were dismissed from this case.  (Docket entry no. 75.)

After the Clerk's office issued certificates of default against the fifteen defendants who remained in the case and had not yet appeared, Plaintiffs moved for default judgment for the first time.  (Docket entry no. 138.)  In an oral ruling from the bench, Judge Abrams—to whom this action was initially assigned—denied the motion for default judgment on the grounds that the Complaint did not adequately allege a violation of RICO to the extent that it failed to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b).  (Docket entry no.

174 at 3-8.)[1]  Judge Abrams further emphasized that "[t]he Court has significant discretion to consider a number of factors in deciding whether to grant a default judgment, including the amount of money potentially involved."  (Id. at 7.)

Plaintiffs subsequently filed the Amended Complaint and voluntarily dismissed the action against eleven of the defendants.  (Docket entries nos. 158, 173.)  Only the Defaulting Defendants now remain in the case.  (Id.)  After the Defaulting Defendants were served with the Amended Complaint (see docket entries nos. 177, 178, 179, 192) and failed to respond, the Clerk's office issued certificates of default against them (docket entries nos. 201, 202, 203, 204). The Court ordered Plaintiffs to move for default judgment by October 21, 2023 (docket entry no. 205), and Plaintiffs filed their Motion on October 23, 2023.  Plaintiffs filed Certificates of Service indicating that they served the Defaulting Defendants with the Motion (docket entries nos. 211, 212, 213, 214, 215, 216), but the Defaulting Defendants have not responded to the Motion or appeared in the case.

## DISCUSSION

Federal Rule of Civil Procedure 55 provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," and after entry of default, a default judgment may be entered against such person.  FED. R. CIV. P. 55(a), (b)(2). Courts must "supervise default judgments with extreme care to avoid miscarriages of justice." Premium Sports Incorporated v. Alzate, No. 10-CV-1982-CBA, 2011 WL 1240558 at *3 (E.D.N.Y. Feb. 25, 2011) (quoting Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160,

---

[1]     Judge Abrams also "decline[d] to exercise supplemental jurisdiction over [Plaintiffs'] state law claims" because "there is not complete diversity between the parties," and "subject matter jurisdiction hinges on a federal cause of action."  (Docket entry no. 174 at 8.)

162 (S.D.N.Y. 1993)).  In determining whether to grant a motion for default judgment, the Court

considers three factors: "(1) whether the defendant's default was willful; (2) whether [the]

defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-

defaulting party would suffer as a result of the denial of the motion for default judgment."

Santana v. Latino Express Restaurants, Inc., 198 F. Supp. 3d 285, 291 (S.D.N.Y. 2016) (citation

omitted); see also Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013)

(applying these factors in review of lower court grant of a default judgment).

      Here, the Court finds that only two of the three factors weigh in Plaintiffs' favor.

First, Defendants' "failure to respond to the . . . Complaint and failure to respond to the default

judgment motion practice are indicative of willful conduct."  Bldg. Serv. 32BJ Pension Fund v.

1180 AOA Member LLC, No. 18-CV-12226-LTS-OTW, 2020 WL 70947, at *2 (S.D.N.Y. Jan.

3, 2020).  Likewise, Plaintiffs will be prejudiced and left with no alternative recourse if they are

denied judgment by default, as Defendants have willfully failed to participate in this action.  See

id.  It is apparent from the face of the pleadings, however, that the Defaulting Defendants have a

meritorious defense to Plaintiffs' claims.

      Here, the record suggests that this action is barred by res judicata and the "two

dismissal rule" articulated in Federal Rule of Civil Procedure 41(a)(1)(B).[2]  Res judicata, or

claim preclusion, "prevents litigation of all grounds for recovery . . . that were previously

available to the parties, regardless of whether they were asserted or determined in [a] prior

proceeding."  Bin Saud v. Bank of N.Y., 734 F. Supp. 628, 632 (S.D.N.Y. 1990), aff'd sub nom.

---

[2]     Although the Defaulting Defendants failed to answer the Amended Complaint or
otherwise raise a res judicata defense, "a court is free to raise th[e] defense [of res
judicata] sua sponte, even if the parties have seemingly waived it."  Scherer v. Equitable
Life Assurance Soc'y of U.S., 347 F.3d 394, 398 n. 4 (2d Cir. 2003).

Saud v. Bank of N.Y., 929 F.2d 916 (2d Cir. 1991).  While Federal Rule of Civil Procedure 41(a)(1)(A)(i) permits a plaintiff to voluntarily dismiss an action without prejudice, a notice of voluntary dismissal "operates as an adjudication on the merits"—and may therefore trigger res judicata—if "the plaintiff previously dismissed any federal- or state-court action based on or including the same claim."  Id.  "This principle is often referred to as the 'two dismissal rule,' . . . and exists primarily 'to prevent delays and harassment caused by plaintiffs securing numerous dismissals without prejudice . . . .'"  Jian Ying Lin v. Shanghai City Corp, 329 F.R.D. 36, 38-39 (S.D.N.Y. 2018) (citations omitted), aff'd sub nom. Jian Yang Lin v. Shanghai City Corp, 950 F.3d 46 (2d Cir. 2020).  The Second Circuit has specifically "h[e]ld that a second action is 'based on or includ[es] the same claim' for purposes of Rule 41(a)(1)(B) whenever it arises from the same transaction or occurrence as the first action."  Jian Yang Lin, 950 F.3d at 50.  Based on the allegations in the Amended Complaint and the attached exhibits, this case appears to be Plaintiffs' third attempt to litigate the fraudulent scheme alleged.

First, Plaintiffs allege that ICICI NY commenced the Seattle Third Party Proceedings in Washington state court "[a]s a result" of the "discover[y] of numerous instances of fraud and fraudulent conveyances by SG."  (AC ¶¶ 143-144.)  It appears that Plaintiffs voluntarily dismissed its claims against Mr. Parikh in that case without prejudice.  ICICI Bank Ltd, 2018 Wash. Super. LEXIS 4611, at *1.  While it is not clear from the pleadings precisely what Mr. Parikh was alleged to have done in connection with the SG fraud in the Seattle Third Party Proceedings, the Amended Complaint indicates that those proceedings concerned "the same transaction or occurrence" as the fraudulent scheme alleged in the instant action.  Jian Yang Lin, 950 F.3d at 50.  That is, the Amended Complaint alleges that the Seattle Third Party Proceedings were brought in response to the Receiver's findings that three of the Defaulting

Defendants—Mr. Parikh, Mr. Doshi, and Mr. S. Shah—"managed and directed . . . Loose Diamond Sales" that had no "valid business purpose" and instead served to "increase assets (accounts receivable) with sales that were uncollectible" which were then reported to Plaintiffs "as valid collateral."  (Receiver's Report at 9-10; AC ¶¶ 143-144.)  This appears to be the same alleged conspiracy that underlies Plaintiffs' claims in the instant action.  (AC ¶ 148 ("In the course of the Seattle Receivership Proceedings, the Receiver also made several findings that form the basis for the instant proceedings before this Honorable Court.").)

Second, the Amended Complaint alleges, without describing the earlier-filed action in this Court, that "subsequent to the Seattle Proceedings, ICICI obtained affidavits from two key employees" that "unequivocally state that the Defendants were engaged in a widespread and global fraud. . . ."  (AC ¶ 149.)  The Court's review of these affidavits, attached as exhibits to the Amended Complaint, revealed that they were "obtained" in the First S.D.N.Y. Action.  (See docket entries no. 170-49, 170-50.)  In that lawsuit, ICICI NY brought nearly identical claims against the four Defaulting Defendants alleged in the Amended Complaint.  See Complaint, docket entry no. 5 ¶ 15, ICICI Bank Limited, New York Branch v. Vishal Doshi, et al., No. 18-CV-9128-VSB (S.D.N.Y. Oct. 5, 2018) ("The Defendants, acting in concert as co-conspirators, engaged in repeated RICO violations in a pattern of racketeering and fraudulent activities spanning the globe . . . .").  Plaintiffs voluntarily dismissed the First S.D.N.Y. Action against all defendants the day before filing the instant action.  See Notice of Voluntary Dismissal, docket entry no. 61, ICICI Bank Limited, New York Branch v. Vishal Doshi, et al., No. 18-CV-9128-VSB (S.D.N.Y. Oct. 5, 2018).

Taken together, the Seattle Third Party Proceedings and the First S.D.N.Y. Action appear to warrant dismissal of this action on the basis of res judicata and the "two

dismissal rule." It appears that the First S.D.N.Y. Action "ar[ose] from the same transaction or occurrence as the first action[,]" Jian Yang Lin, 950 F.3d at 50, because the Amended Complaint alleges that the Seattle Third Party Proceedings related to "numerous instances of fraud and fraudulent conveyances by SG" discovered in the Seattle Receivership Proceeding that also "form the basis for the instant proceedings. . . ." (AC ¶¶ 143-144, 148). Although Plaintiffs conclusorily allege that Mr. Parikh was "named in the Seattle . . . Proceedings on separate and distinct grounds" (id. ¶ 144), the Court cannot accept as true "factual assertions that are contradicted by the complaint itself," Perry v. NYSARC, Inc., 424 F. App'x 23, 25 (2d Cir. 2011). Indeed, regardless of whether "the complaint in federal court included [different] causes of action not pled in state court," it appears that the two dismissal rule applies because the Amended Complaint itself alleges that "both actions arose from the same set of facts. . . ." Jian Yang Lin, 950 F.3d at 50. Therefore, the record indicates that the voluntary dismissal in the First S.D.N.Y. Action "operate[d] as an adjudication on the merits" under Rule 41(a)(1)(A)(i). The doctrine of res judicata, which provides that "a valid, final judgment, rendered on the merits, constitutes an absolute bar to a subsequent action between the same parties, or those in privity with them,[3] upon the same claim or demand[,]" thus bars the instant action. 7 W. 57th St. Realty Co., LLC v. Citigroup, Inc., No. 13-CV-981-PGG, 2015 WL 1514539, at *23 (S.D.N.Y. Mar. 31, 2015) (quoting Epperson v. Entm't Express, Inc., 242 F.3d 100, 108-09 (2d Cir. 2001)), aff'd, 771 F. App'x 498 (2d Cir. 2019).

The fact that only Mr. Parikh was named as a defendant in the Seattle Third Party Proceeding does not alter this conclusion. In RICO cases like this one, courts have consistently

---

[3]     A finding of privity refers to "the legal conclusion that the relationship between the parties is sufficiently close to warrant claim preclusion." 7 W. 57th St. Realty Co., LLC, at *27.

"held that alleged co-conspirators are 'in privity' with one another for res judicata purposes . . . ."  7 W. 57th St. Realty Co., 2015 WL 1514539, at *27; see also McDaniel v. Green Dot Corp., No. 23-CV-406-D, 2024 WL 102866, at *4 (E.D.N.C. Jan. 9, 2024) ("Rule 41 applies to defendants in privity with the named defendants.").  Because the Amended Complaint alleges that all four Defaulting Defendants "act[ed] in concert as co-conspirators" in this "RICO action" (AC ¶ 11), it demonstrates that the three Defaulting Defendants who were not named in the Seattle Third Party Proceeding—Mr. Doshi, Mr. S. Shah, and Mr. H. Shah—are in privity with Mr. Parikh, who was named in that action.  This conclusion is bolstered by exhibits attached to the pleadings, which indicate that all four Defaulting Defendants participated in the alleged conspiracy that was discovered in the Seattle Receivership Proceeding.  (See Receiver's Report at 9-10 (describing Mr. Parikh's, Mr. S. Shah's, and Mr. Doshi's involvement); see also AC ¶ 41 (alleging that Mr. H. Shah "knowingly and willingly submitted the false statements of SG's financial status to ICICI NY . . . at the direction of" the other three Defaulting Defendants).)  It appears, therefore, that res judicata precludes prosecution of the instant action against all four Defaulting Defendants.

<u>Conclusion</u>

For the foregoing reasons, the Court denies Plaintiff's motion for default judgment without prejudice to renewal based on papers augmented to show why this Court should not treat the voluntary dismissal of the First S.D.N.Y. Action as an adjudication on the merits that compels denial of any default judgment and dismissal of this case with prejudice under res judicata and the "two dismissal rule" articulated in Federal Rule of Civil Procedure 41(a)(1)(B).  Plaintiffs' augmented papers are due by **April 12, 2024**.  Plaintiffs are required to attach the Complaint in the Seattle Third Party Proceeding as an exhibit to their augmented

papers.  If Plaintiffs fail to respond by **April 12, 2024**, this action may be dismissed with

prejudice without further notice.  This Memorandum Order resolves docket entry no. 206.

      SO ORDERED.

Dated: March 22, 2024
      New York, New York

                                     /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge